IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR DEL RIO, | ) |
|     Plaintiff, | ) Civil Action No. 08 - 1652 |
| v. | ) Judge Joy Flowers Conti / |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| DOUGLAS C. WARNE, | ) |
|     Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this action be dismissed for failure to prosecute due to Plaintiff's failure to effectuate proper service within 120 days as well as his failure to comply with a Court Order (Doc. No. 4).

### II. REPORT

Plaintiff initiated the above captioned case by filing a Motion to Proceed In Forma Pauperis (Doc. No. 1) on December 3, 2009. The Court granted the motion and ordered the Clerk of Court to file his Complaint (Doc. No. 3). Since no service was effectuated or requested within 120 days, the Court entered an Order (Doc. No. 3) on May 14, 2009, to show cause why this case should not be dismissed for failure to prosecute and established a deadline of June 3, 2009 for a response. The Order specifically informed Plaintiff that his failure to comply with the Order would result in a report to a District Judge recommending dismissal of this case. There have been no further filings.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the

plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter pro se. There is no indication that he failed to receive the order directing him to file a complaint. The responsibility for his failure to respond to the order in question is plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been required to respond to the complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward in the nearly eight months

since he sent in his motion to proceed in forma pauperis, and has ignored this court's order of August 28, 2008. This is sufficient evidence, in the court's view, to indicate that plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any "excusable neglect", Poulis, supra. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding pro se and in forma pauperis. Thus, any sanction imposing costs or fees upon plaintiff would be ineffective as a sanction.

(6) Meritoriousness of the defense.

The court is not quite sure what plaintiff's claims are, much less what defenses exist. Thus, this factor weighs neither for nor against dismissal.

Four of the six Poulis factors weigh heavily in favor of dismissal. Although this is an extreme sanction, I am at a loss as to any other course of action to be taken in this case. Accordingly, it is respectfully recommended that this action be dismissed for plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: 6/24/09

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Victor Del Rio
    2427 Pinpoint Drive
    Spring, TX 77373